IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTLE MARKETING, INC. | ) | |
| P.O. Box 216 | ) | |
| Bardstown, KY 55347 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO.: 1:20-cv-2747 |
| | ) | |
| CONTINENTAL PRODUCE, LLC | ) | |
| 3267 Pearl Road | ) | |
| Medina, OH 44256 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CROWN PRODUCE, LLC | ) | |
| c/o Registered Agent, James Scarborough | ) | |
| 3660 ½ Ringgold Road | ) | |
| East Ridge, TN 37412 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES THOMAS SCARBOROUGH | ) | |
| 260 County Road 672 | ) | |
| Stevenson, AL 35772 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROBIN L. SCARBOROUGH | ) | |
| 260 County Road 672 | ) | |
| Stevenson, AL 35772 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Antle Marketing, Inc. ("Plaintiff" or "Antle Marketing") brings this civil action against Continental Produce, LLC  ("Continental Produce"), Crown Produce, LLC ("Crown Produce") (Continental Produce and Crown Produce are collectively referred to as "Corporate Defendants"), James Thomas Scarborough, and Robin L. Scarborough individually and in their

1

corporate capacities (all collectively, "Defendants"), for damages and equitable relief and alleges as follows:

## I.     JURISDICTION

1.     Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i).  This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II.     VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendant Continental Produce is domiciled in this district.

## III.     PARTIES

3.     Plaintiff is a Kentucky Corporation with its principal place of business in Bardstown, Kentucky and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables through interstate commerce.  At all times relevant herein, Plaintiff held federal produce license number 20101001 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

4.     Defendant Continental Produce is an Ohio Limited Liability Company with its principal place of business in Medina, Ohio.  Continental Produce was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Ohio and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA").  At all times relevant herein, Continental

Produce held federal produce license number 20091157 from the U.S. Department of Agriculture/PACA Branch or was subject to licensing.

5.      Defendant Crown Produce is a Tennessee Limited Liability Company with its principal place of business in East Ridge, Tennessee. Crown Produce was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Tennessee and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA"). At all times relevant herein, Crown Produce held federal produce license number 20140164 from the U.S. Department of Agriculture/PACA Branch or was subject to licensing.

6.      Individual Defendant James Thomas Scarborough is or was an owner, officer, director, and/or at least 10% shareholder of Continental Produce and Crown Produce during the relevant time period, making him "responsibly connected" under PACA. James Thomas Scarborough is or was a person in control of, and responsible for, the day to day operations of Continental Produce and Crown Produce and the disposition of Continental Produce's assets and Crown Produce's assets, including their PACA trust assets. James Thomas Scarborough is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

7.      Individual Defendant Robin L. Scarborough (together with James Thomas Scarborough, "Individual Defendants") is or was an owner, officer, director, and/or at least 10% shareholder of Continental Produce during the relevant time period, making her "responsibly connected" under PACA. Robin L. Scarborough is or was a person in control of, and responsible for, the day to day operations of Continental Produce and the disposition of Continental Produce's

3

assets, including their PACA trust assets.  Robin L. Scarborough is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

8.     Upon information and belief, Individual Defendants, as the owners, officers, directors, and/or a least 10% shareholder of both Continental Produce and Crown Produce simultaneously, commingled PACA trust assets of Continental Produce and Crown Produce to which Antle Marketing is a perfected trust beneficiary.  Individual Defendants also dissipated PACA trust assets of both Continental Produce and Crown Produce, all directly to Plaintiff's detriment.

## IV.   CLAIMS FOR RELIEF

### COUNT I

### ALL DEFENDANTS

**(Failure to Maintain PACA Trust)**

9.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

10.     At Continental Produce's request, Plaintiff sold, on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendants, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Continental Produce, LLC | April 2019 through August 2019 | Fresh Fruits and Vegetables | $82,432.16 | $82,432.16 |

11.     At the request of Continental Produce and the Individual Defendants, Plaintiff duly delivered the perishable agricultural commodities to Crown Produce.

---

[1] Plus accruing interest at 1.50% per month and attorney fees and costs.

4

12.     Crown Produce received and accepted the perishable agricultural commodities from Plaintiff at the direction of Continental Produce.

13.     Upon information and belief, during the relevant time, Crown Produce purchased the assets of Continental Produce resulting in a corporate merger.

14.     Pursuant to the payment terms between the parties, the Corporate Defendants are in default with respect to the principal amount of $82,432.16 outstanding to Plaintiff.  *See* Statement of Account and Unpaid Invoices attached hereto and incorporated herein as "Exhibit A."

15.     Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Defendants to Plaintiff.

16.     Defendants have failed and refused to pay for the commodities they ordered, received, and accepted from Plaintiff, despite due demand.

17.     On each of the outstanding invoices sent by Plaintiff to Continental Produce, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

18.     Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

19.    Upon information or belief, Defendants have dissipated and are continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

20.    The failure of Defendants to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by them from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

**COUNT II**

**ALL DEFENDANTS**

**(Dissipation of Trust Assets)**

21.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

22.    Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by the Defendants for other purposes.

23.    On each of the outstanding invoices sent by Plaintiff to the Defendants, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

24.     Upon information and belief, the Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

25.     As a direct result of the dissipation of trust assets by the Defendants, Plaintiff has suffered damages.

## COUNT III

## ALL DEFENDANTS

**(Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))**

26.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27.     Defendants have failed and refused, without reasonable cause, to account and make full payment promptly of $82,432.16 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

28.     The failure and refusal of Defendants to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

**(Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))**

29.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

7

30.    Upon information and belief, between April 2019 and August 2019, the Individual Defendants managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

31.    Upon information and belief, the Defendants received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices but were not.

32.    Upon information and belief, the Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

33.    As a direct result of the foregoing, the Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

## CORPORATE DEFENDANTS

### (Breach of Contract for Unpaid Invoices / Action on Account)

34.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

35.    Between April 2019 and August 2019, Continental Produce and Crown Produce contracted with Plaintiff to purchase fresh produce on credit and have it delivered to Crown Produce.

36.    Plaintiff faithfully performed all aspects of the contract with the Defendants with Crown Produce receiving and accepting all the produce ordered by Continental Produce.

37.     Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Continental Produce and Crown Produce are in default to Plaintiff on all amounts unpaid and outstanding.

38.     The Corporate Defendants breached the contract by failing and refusing to pay Plaintiff the principal sum of $82,432.16 despite due demand.  As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI

## ALL DEFENDANTS

### (Interest and Attorney Fees)

39.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

40.     Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, the Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

41.     As a result of the failure of the Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

42.     As a result of the failure of the Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

43.     Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer

the loss of interest on the outstanding amount owed, all because of violations by the Defendants of their statutory duties to maintain the trust and make full payment promptly.

44.     In addition to the above recitals, Plaintiff maintains express claims for interest and attorney fees based upon the terms of sale listed on each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c)(2).

**WHEREFORE**, Plaintiff Antle Marketing, Inc. respectfully prays that this Court issue an Order:

a.      granting non-dischargeable judgment in favor of Plaintiff and against Defendants, Continental Produce, LLC, Crown Produce, LLC, James Thomas Scarborough, and Robin L. Scarborough, jointly and severally, in the principal amount of $82,432.16, together with pre- and post-judgment interest at the parties' contractual rate and the costs of this action;

b.      declaring and directing all Defendants to establish and/or preserve the PACA trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $82,432.16 plus pre- and post-judgment interest at the parties' contractual rate plus attorney fees and costs of this action;

c.      enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

10

d.    declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e.    granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: December 10, 2020                              Respectfully submitted,


                                                     *s/ Eric M. Kyser*
                                                     ERIC M. KYSER
                                                      OH Bar ID No.: 0093927
                                                      Admitted to the N.D. Ohio
                                                     MARTYN AND ASSOCIATES
                                                     820 W. Superior Avenue, Tenth Floor
                                                     Cleveland, Ohio 44113
                                                     Telephone: (216) 861-4700
                                                     Facsimile: (216) 861-4703
                                                     Email: ekyser@martynlawfirm.com

                                                     Attorney for Plaintiff: Antle Marketing, Inc.